**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

JOSEPH TYLER MCDONALD,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 16-3106-MWB
(No. CR 14-3012-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

---

**TABLE OF CONTENTS**

I.    **INTRODUCTION**................................................................2
    A.    *Criminal Proceedings* ...............................................2
    B.    *Section 2255 Proceedings* ..........................................4

II.    **LEGAL ANALYSIS** ......................................................6
    A.    *General Standards For § 2255 Relief*..........................6
        1.    *Grounds for § 2255 relief*................................6
        2.    *Standards for an evidentiary hearing*..................8
    B.    *Petitioner's Claims* ...............................................9
        1.    *What claims are at issue?*................................9
        2.    *Standards for ineffective assistance claims*..........11
        3.    *Failure to file a motion to suppress*...................14
            a.    *Arguments of the parties* ......................14
            b.    *Analysis* ............................................15
        4.    *Failure to disclose any plea offers in writing* .......18
            a.    *Arguments of the parties* ......................18
            b.    *Analysis* ............................................18
        5.    *Failure to discuss the career offender enhancement* ..............19
            a.    *Arguments of the parties* ......................19
            b.    *Analysis* ............................................20

      *C.*     *Certificate Of Appealability* ..................................................... 23

*III.*   *CONCLUSION* ................................................................................ 24

This case is before me on petitioner Joseph Tyler McDonald's October 17, 2017, Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Amended § 2255 Motion), which amended his original October 11, 2016, *Pro Se* § 2255 Motion. In his Amended § 2255 Motion, McDonald seeks relief based on various allegations of ineffective assistance of counsel, but his appointed *habeas* counsel has filed a brief pursuant to *Anders v. State of California*, 386 U.S. 738 (1967), stating *habeas* counsel's belief that McDonald's claims are without merit. The respondent also denies that McDonald is entitled to any relief on his claims.

## I.     INTRODUCTION

### A.     Criminal Proceedings

On February 19, 2014, McDonald was indicted as the sole defendant in a two-count Indictment. **Count 1** of the Indictment charged McDonald with conspiracy to distribute 500 grams or more of a methamphetamine mixture which contained 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. **Count 2** charged McDonald with possession with intent to distribute an unspecified amount of methamphetamine mixture which contained 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On February 20, 2014, the prosecution filed an Information providing notice of its intent to seek enhanced penalties on both charged offenses pursuant to 21 U.S.C.

§ 851, identifying two prior convictions on federal drug charges, one in 1994 and one in 2002, but stating the prosecution's intent to use only one (either) of those prior offenses for sentencing enhancement purposes. The prosecution's decision to base a § 851 enhancement on a single prior offense potentially subjected McDonald to a mandatory minimum sentence of 20 years and a maximum sentence of life without the possibility of parole. Had the prosecution sought a § 851 enhancement based on both prior drug convictions, McDonald could have faced a mandatory sentence of life imprisonment without possibility of parole. Pursuant to a written arraignment form, signed by McDonald and his appointed counsel, and filed on February 25, 2014, McDonald pleaded not guilty to both counts of the Indictment, and the court entered his pleas of not guilty.

McDonald proceeded to trial on July 7, 2014. At a pre-trial conference on the first morning of trial, outside the presence of the jury, McDonald personally raised several concerns about his trial counsel and the trial, but I advised him to hold his arguments until the conclusion of the trial. On July 8, 2014, the jury found McDonald guilty on both counts of the Indictment.

The Presentence Investigation Report (PSIR), filed on September 30, 2014, recommended that McDonald be sentenced as a career offender under U.S.S.G. § 4B1.1. Thus, his advisory guidelines sentencing range was 360 months to life. On September 30, 2014, McDonald's trial counsel filed a Motion For Downward Variance and a Sentencing Memorandum, which challenged guidelines enhancements for obstruction of justice and commission of the current offense while under a criminal sentence, as well as reasons for a downward variance. Specifically, McDonald's trial counsel sought a variance, because the 360-month guideline minimum under the career offender enhancement was "wildly disproportionate to McDonald's offense of conviction," and argued that the 20-year statutory mandatory minimum was sufficient. At the sentencing hearing on October 10, 2014, McDonald's trial counsel clarified that McDonald was not

3

arguing that he had been improperly scored as a career offender, but was simply seeking relief from the career offender guideline range through a downward variance. At McDonald's sentencing hearing, I imposed a sentence of 360 months, at the bottom of McDonald's advisory guidelines sentencing range, on each count, to run concurrently. Judgment entered accordingly that same day.

McDonald filed a Notice of Appeal on October 16, 2014. A panel of the Eighth Circuit Court of Appeals affirmed McDonald's conviction and sentence in a per curiam decision on July 22, 2015. The appellate court rejected McDonald's appellate counsel's arguments that I improperly rejected a requested instruction on determining drug quantity on the offense of possession with intent to distribute and that McDonald's sentence was substantively unreasonable. The appellate court added, "[W]e reject the remaining arguments, all raised in the pro se brief, because the arguments either were not raised below, or do not constitute grounds for reversal and do not warrant extended discussion." *United States v. McDonald*, 609 F. App'x 897, 898 (8th Cir. 2015). On September 11, 2015, the Eighth Circuit Court of Appeals denied McDonald's petition for rehearing en banc and rehearing by the panel, and mandate issued on September 23, 2015. McDonald did not file a petition for a writ of certiorari to the United States Supreme Court.

## B.       *Section 2255 Proceedings*

Instead, as noted above, McDonald timely filed his *pro se* § 2255 Motion on October 11, 2016, in which he asserted numerous claims. In an Initial Review Order, filed December 30, 2016, I directed the respondent to file an answer or other appropriate response, and granted McDonald's request for appointment of *habeas* counsel. The respondent filed its Answer on January 10, 2017, denying some of McDonald's claims and asserting that others are not cognizable § 2255 claims. On January 27, 2017, I granted McDonald's request to view certain sealed documents from his criminal case.

On April 21, 2017, I directed McDonald, with the aid of counsel, to file his merits brief and set deadlines for that brief, the respondent's response, and any reply. On September 29, 2017, after McDonald's *habeas* counsel had requested and received various extensions of the deadline for McDonald's merits brief, *habeas* counsel requested leave to file an amended and substituted § 2255 motion, representing that McDonald had given counsel permission to do so. On September 29, 2017, *habeas* counsel also filed a Report To The Court, explaining that *habeas* counsel had communicated with McDonald about his numerous claims in his *Pro Se* § 2255 Motion, and that McDonald had agreed to narrow his claims to three claims of ineffective assistance of his trial counsel. *Habeas* counsel also reported that she did not believe that McDonald's claims had merit, but would brief them pursuant to *Anders v. State of California*, 386 U.S. 738 (1967). *Habeas* counsel also requested that McDonald be permitted to submit a *pro se* brief in this matter, if he chose to do so. On October 13, 2017, McDonald filed a *pro se* request for 180 days to file a § 2255 motion or appointment of another attorney to file a § 2255 motion on his behalf.

In an Order filed October 17, 2017, I granted McDonald's *habeas* counsel's motion to amend, noting that the motion sought leave to file an amended and substituted § 2255 motion "narrowing [McDonald's] claims of ineffective assistance of counsel." I also granted in part and denied in part McDonald's *pro se* request. Specifically, I set a deadline for McDonald to "file a *pro se* brief in support of his Amended § 2255 Motion," and set deadlines for further briefing, but otherwise denied the *pro se* request, thus denying McDonald's request for additional time to file a § 2255 motion and appointment of new counsel to do so. McDonald's Amended § 2255 Motion and *habeas* counsel's *Anders* brief were filed on October 17, 2017. McDonald filed his *pro se* brief on November 27, 2017, but that brief was not confined to the ineffective assistance of counsel claims in the Amended § 2255 Motion. Rather, that brief purported to reassert

a number of the claims in McDonald's original *Pro Se* § 2255 Motion, as well as some additional claims. McDonald's *habeas* counsel sought leave to withdraw on November 30, 2017, and I granted her leave to do so on December 1, 2017. On January 1, 2018, the respondent filed its Memorandum In Support Of Government's Response To Defendant's Motion Under 28 U.S.C. § 2255, in which the respondent attempted to respond to both the claims briefed by McDonald's *habeas* counsel and McDonald's additional claims in his *pro se* brief. McDonald filed no reply brief by the deadline of January 31, 2018. Therefore, this matter is now fully submitted.

## II.    LEGAL ANALYSIS

### A.    General Standards For § 2255 Relief

#### 1.    Grounds for § 2255 relief

"Section 2255 [of Title 28 of the United States Code] 'was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). Nevertheless, "[l]ike habeas corpus, this remedy 'does not encompass all claimed errors in conviction and sentencing.'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Specifically, § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, § 2255 "provides a remedy for jurisdictional and constitutional errors," but "[b]eyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."'" *Sun Bear*, 688 F.3d at 704 (quoting *Addonizio*, 442 U.S. at 185, in turn quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *accord Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) ("'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.'" (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

In addition, where an issue was raised, considered, and rejected on the merits on direct appeal, "it may not be raised in a motion for post-conviction relief under 28 U.S.C. § 2255 or § 2241." *United States v. Rhodes*, 730 F.3d 727, 731 (8th Cir. 2013). Also, where a claim was not raised on direct appeal, it generally may not be raised in a § 2255 motion. *Walking Eagle*, 742 F.3d at 1082. A petitioner may overcome "procedural default" from failure to raise a claim on direct appeal, however, if the petitioner establishes both "'cause for the procedural default and actual prejudice resulting from the error.'" *Id*. (quoting *Apfel*, 97 F.3d at 1076, in turn citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). "'Absent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice.'" *Id*. (quoting *Apfel*, 97 F.3d at 1076)).

Indeed, "ineffective assistance of counsel" claims are not procedurally defaulted when brought for the first time pursuant to § 2255. *Massaro v. United States*, 538 U.S. 500, 508 (2003). The Eighth Circuit Court of Appeals has also expressly recognized that a claim of "ineffective assistance of counsel" should be raised in a § 2255 proceeding,

rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, to the extent that McDonald's counsel has briefed ineffective assistance of counsel claims, those claims are properly and timely presented in § 2255 proceedings.

### 2.     Standards for an evidentiary hearing

One further procedural matter that is often of considerable importance in § 2255 proceedings is the standard for an evidentiary hearing. As the Eighth Circuit Court of Appeals has explained,

> "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." [*Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013)]. "The district court is not permitted to make a credibility determination on the affidavits alone." *Id*. at 1206.

*United States v. Sellner*, 773 F.3d 927, 929 (8th Cir. 2014). Indeed, "'[w]here petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record 'affirmatively refutes the factual assertions upon which [the claim] is based.'"' *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (citing *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007), in turn quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)). On the other hand,

> [The district court] may . . . deny an evidentiary hearing if "(1) the [petitioner's] allegations, accepted as true, would not entitle the [petitioner] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." [*Thomas*, 737 F.3d] at 1206–07 (alterations in original) (quoting *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006)).

*Sellner*, 773 F.3d at 929-930; *accord Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014) (citing 28 U.S.C. § 2255(b)); *Franco*, 762 F.3d at 763; *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013). The district court's denial of an evidentiary hearing is reviewed for abuse of discretion. *Sellner*, 773 F.3d at 929; *see also United States v. Frausto*, 754 F.3d 640, 642 (8th Cir. 2014) (explaining that, to determine whether the district court abused its discretion in denying an evidentiary hearing, the court must review de novo the validity of a petitioner's § 2255 claims).

Here, I conclude that no evidentiary hearing is required. I find that McDonald's claims are not properly before me or are contradicted by the record, but even if his allegations are true, they would not entitle him to any relief, *Sellner*, 773 F.3d at 929-930, as I will explain more fully, below.

### B. Petitioner's Claims

#### 1. What claims are at issue?

The next question I must address is what claims I can or should consider. That is, should I consider only those claims in the Amended § 2255 Motion filed by *habeas* counsel, with McDonald's consent, or the additional claims asserted in McDonald's *Pro Se* § 2255 Motion and *pro se* brief, as well? For several reasons, I will restrict my analysis to the claims in the Amended § 2255 Motion.

First, I conclude that the Amended § 2255 Motion waived any claims in the original *Pro Se* § 2255 Motion that were not reiterated in the Amended § 2255 Motion. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 846 (8th Cir. 2014) ("[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect." (quotation marks and citation omitted)); *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("When a plaintiff files an amended complaint, the original complaint is superseded and has no legal effect."

(citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Second, McDonald was not granted leave to amend the Amended § 2255 Motion further when he was granted leave to file a *pro se* brief. Rather, the October 17, 2017, Order stated, in pertinent part, "McDonald may file a *pro se* brief in support of his Amended § 2255 motion." I denied McDonald's request for 180 days to file a § 2255 motion and for appointment of counsel to help him do so. The time for amendment of McDonald's § 2255 Motion as of right, without court permission, had long since passed. *See* FED. R. CIV. P. 15(a). Finally, the additional claims that McDonald has presented in his *pro se* brief were raised, considered, and rejected on the merits on direct appeal, so that they cannot be reasserted, here, *see Rhodes*, 730 F.3d at 731; or were not raised on direct appeal, so that they are procedurally defaulted, *Walking Eagle*, 742 F.3d at 1082; and/or do not relate back to the filing of his original *Pro Se* § 2255 Motion under Rule 15(c) of the Federal Rules of Civil Procedure, *see Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (claims in an amended habeas petition relate back to original petition when they arise out of "same conduct, transaction, or occurrence" set forth in original petition and are tied to "common core of operative facts"); and/or simply fail as a matter of law.[1]

Therefore, my analysis is confined to the ineffective assistance of counsel claims in the Amended § 2255 Motion, because no other claims are properly before me.

---

[1] An example of a claim in McDonald's *pro se* brief that was not raised on direct appeal, does not relate back, and fails as a matter of law is his claim of ineffective assistance by *habeas* counsel. "'There is no Sixth Amendment right to constitutionally effective counsel in § 2255 proceedings.'" *Noe v. United State*s, 601 F.3d 784, 792 (8th Cir. 2010) (quoting *Abdullah v. Hedrick*, 392 F.3d 957, 964 (8th Cir. 2004)). Indeed, there is no right to counsel at all in such proceedings. *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) (explaining, in a § 2255 case, "The Sixth Amendment right to counsel does not extend to persons seeking post conviction relief," because "[t]he matter is discretionary and not constitutional").

## 2. *Standards for ineffective assistance claims*

All of McDonald's claims for § 2255 relief that I will consider are based on ineffective assistance of counsel. Therefore, I will summarize the standards for such claims, here.

Not only does ineffective assistance of counsel establish "cause and prejudice" to overcome procedural default, in my experience, such claims are far and away the most common claims for § 2255 relief. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel not only at trial, but at sentencing, on direct appeal, and during other "critical" phases of the criminal proceedings. *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010) (negotiation of a plea bargain); *Burger v. Kemp*, 483 U.S. 776, 803–04 (1987) (pretrial plea negotiations); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (direct appeal); *Gardner v. Florida*, 430 U.S. 349, 358 (1977) (sentencing). The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a). *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010).

As the Eighth Circuit Court of Appeals has explained,

> "Normally, in order to succeed on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir.2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*Sweeney v. United States*, 766 F.3d 857, 859-60 (8th Cir. 2014). These two prongs require some further explication.

"Deficient" performance is performance that falls "'below an objective standard of reasonableness,'" *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)), that is, conduct that failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014). Thus, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687)). Counsel is not ineffective, however, for failing to pursue a motion that he reasonably believes would be futile. *Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014).

"To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler*, 566 U.S. at 163 (quoting *Strickland*, 466 U.S. at 694). The Court has explained more specifically what a "reasonable probability" means:

> "A reasonable probability is a probability sufficient to undermine confidence in the outcome." [*Strickland*, 466 U.S. at 694]. That requires a "substantial," not just "conceivable," likelihood of a different result. *Richter*, 562 U.S., at [112].

*Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). Ultimately, a showing of "prejudice" requires counsel's errors to be "'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). As the Eighth Circuit Court of Appeals has explained, however,

> [P]rejudice may be presumed when the defendant experiences a "complete denial of counsel" at a critical stage of his trial. *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). "[T]he trial is the paradigmatic critical stage." *United States v. Turner*, 975 F.2d 490, 496 (8th Cir.1992).

*Sweeney*, 766 F.3d at 859-60.

The Supreme Court also explained in *Strickland*,

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, *there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.* In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697 (emphasis added). Thus, a court reviewing an ineffective assistance of counsel claim may start with either prong of the analysis, and deny the claim on the basis of an inadequate showing on that prong, without reaching the other prong. *Hyles v. United States*, 754 F.3d 530, 533 (8th Cir. 2014) ("Failure to establish either prong of *Strickland* 'is fatal to a claim of ineffective assistance.'" (quoting *Morelos v. United States*, 709 F.3d 1246, 1250 (8th Cir. 2013)).

McDonald asserts three claims of ineffective assistance of counsel in his Amended § 2255 Motion: (1) that his trial counsel failed to file a motion to suppress; (2) that his trial counsel failed to disclose any plea offers in writing; and (3) that his trial counsel

failed to discuss the career offender enhancement with him. I will consider these claims in turn.

### 3. *Failure to file a motion to suppress*
### a. *Arguments of the parties*

As to his first claim, McDonald asserts that his trial counsel should have filed a motion to suppress the evidence obtained from the warrantless search of his vehicle after he was arrested and to suppress the statements that he made at the police station after his arrest, because he was under the influence of marijuana. *Habeas* counsel acknowledges that a Fort Dodge police officer made a valid investigatory stop of McDonald's car, after being notified by a Postal Inspector and a narcotics enforcement special agent that McDonald had picked up a package containing methamphetamine at his aunt's address in Fort Dodge (although the officers had substituted a harmless substance for some of the methamphetamine prior to delivery of the package to McDonald). *Habeas* counsel concedes that the police officer had reasonable suspicion that criminal activity was afoot. *Habeas* counsel also concedes that officers conducted a legal warrantless search of McDonald's car, because it was a legal inventory search incident to arrest. *Habeas* counsel also concedes that there were no grounds to suppress McDonald's statements at the police station after his arrest, because he had been read his *Miranda* rights, and he never requested the assistance of an attorney or refused to talk to the officers. Thus, *habeas* counsel argues that trial counsel did not perform deficiently, because he was not required to file a frivolous motion to suppress, and McDonald cannot demonstrate prejudice, where such a motion, if filed, would have been denied.

To the extent that McDonald addresses this claim in his *pro se* brief, he argues that trial counsel should have moved to suppress the evidence, because the stop also was the result of "flagging" him, because of his race, in violation of the 14th Amendment to the United States Constitution. He also argues that trial counsel should have challenged

the search of his vehicle, because the package was recovered from the seat of the vehicle, so no further search was necessary. McDonald also argues that waiting to search the vehicle until it had been driven to the police station tainted any evidence recovered.

In response, the respondent argues that McDonald has offered no evidence that he was "flagged" because of his race, and the stop of his vehicle, his arrest, and the search of his vehicle were all legal. The respondent also points out that McDonald has offered no evidence that he was under the influence of marijuana at the time of his post-arrest, post-*Miranda* statements. Thus, the respondent agrees with *habeas* counsel that trial counsel did not perform deficiently by failing to file a frivolous motion to suppress.

### b. Analysis

As the Eighth Circuit Court of Appeals has explained,

> An investigatory, or *Terry*, stop without a warrant is valid only if police officers have a reasonable and articulable suspicion that criminal activity may be afoot." *United States v. Navarrete–Barron*, 192 F.3d 786, 790 (8th Cir. 1999) (citing *Terry v. Ohio*, 392 U.S. 1, 25–31, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). "When justifying a particular stop, police officers 'must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *Id.* (quoting *Terry*, 392 U.S. at 21, 88 S.Ct. 1868). "In deciding whether to conduct a *Terry* stop, an officer may rely on information provided by other officers as well as any information known to the team of officers conducting the investigation." *Id.*

*United States v. Allen*, 705 F.3d 367, 369–70 (8th Cir. 2013). Here, the Fort Dodge police officer properly relied on information provided by other officers as the basis for stopping McDonald's vehicle. *Id.* at 370. Thus, trial counsel did not perform deficiently by not raising a frivolous or futile motion to suppress evidence from the stop. *Anderson*, 762 F.3d at 794 (holding counsel is not required to make a futile motion or objection).

Furthermore, because the stop was valid, there is not the merest hint of prejudice from trial counsel's failure to attempt to suppress evidence from the stop. *Strickland*, 466 U.S. at 687 (requiring prejudice, as well as deficient performance, to prevail on a claim of ineffective assistance of counsel).

As to suppression of the evidence found in a search of the vehicle, the fact that the officers had already found the package containing the methamphetamine did not make a further search of the vehicle unlawful. Rather, as the Eighth Circuit Court of Appeals has explained,

> "The police are not precluded from conducting inventory searches when they lawfully impound the vehicle of an individual that they also happen to suspect is involved in illegal activity." *United States v. Pappas*, 452 F.3d 767, 771 (8th Cir.2006). *See [United States v.] Petty*, 367 F.3d [1009,] 1013 [(8th Cir. 2004)] (same); *United States v. Garner*, 181 F.3d 988, 991 (8th Cir.1999) (same). Rather, when police are conducting "inventory searches according to such standardized policies, they may keep their eyes open for potentially incriminating items that they might discover in the course of an inventory search, as long as their sole purpose is not to investigate a crime." *United States v. Marshall*, 986 F.2d 1171, 1176 (8th Cir.1993). "Something else must be present to suggest that the police were engaging in their criminal investigatory function, not their caretaking function, in searching the defendant's vehicle." *United States v. Taylor*, 636 F.3d 461, 465 (8th Cir.2011). In *Taylor*, that "something else" was the officer's admission that the sole basis for the traffic stop, arrest, towing and inventory search was her belief that the vehicle contained narcotics. *See id.* Here, Harris claims only that the police were motivated in part by the desire to search for evidence. An inventory search that follows standard police procedures is generally not a pretext to illegally obtain evidence. *See id.* at 464; *Pappas*, 452 F.3d at 771 ("[a]n inventory search by police prior to the

> impoundment of a vehicle is generally a constitutionally
> reasonable search").

*United States v. Harris*, 795 F.3d 820, 822–23 (8th Cir. 2015).

Here, regardless of whether officers had already found the package of methamphetamine, they could properly conduct an inventory search when they impounded McDonald's vehicle, and the fact that they may have discovered incriminating evidence in doing so does not make the search an improper investigative one where there is no evidence that the search was undertaken primarily to serve an investigatory function, rather than a caretaking one. *Id.* Nor is an inventory search invalidated by moving the vehicle to another location before conducting the search, if the vehicle is improperly parked. *Id.* Here, the vehicle was at a parking meter, which necessarily had a time limit, so that it could not simply remain parked there. Again, trial counsel did not perform deficiently by not raising a frivolous or futile motion to suppress evidence from the vehicle search. *Anderson*, 762 F.3d at 794 (holding counsel is not required to make a futile motion or objection). Furthermore, because the vehicle search was valid, there is not the merest hint of prejudice from trial counsel's failure to attempt to suppress evidence from the vehicle search. *Strickland*, 466 U.S. at 687 (requiring prejudice, as well as deficient performance, to prevail on a claim of ineffective assistance of counsel).

Finally, trial counsel did not perform deficiently in failing to move to suppress McDonald's post-arrest, post-*Miranda* statements. McDonald does not dispute that he was read his *Miranda* rights and agreed to talk to officers without the assistance of counsel. McDonald also has not pointed to any evidence suggesting that he was or that officers should have known he was under the influence of marijuana at the time of the questioning. Thus, trial counsel did not perform deficiently by not raising a frivolous or futile motion to suppress McDonald's post-*Miranda* statements. *Anderson*, 762 F.3d at 794 (holding counsel is not required to make a futile motion or objection). Furthermore,

because the post-*Miranda* questioning was valid, there is not the merest hint of prejudice from trial counsel's failure to attempt to suppress evidence from that questioning. *Strickland*, 466 U.S. at 687 (requiring prejudice, as well as deficient performance, to prevail on a claim of ineffective assistance of counsel).

McDonald is not entitled to any relief on his first claim of ineffective assistance of counsel.

### 4.    *Failure to disclose any plea offers in writing*
#### a.    *Arguments of the parties*

Next, McDonald contends that his trial counsel was ineffective because he failed to disclose any plea offers in writing. McDonald's *habeas* counsel argues that trial counsel told McDonald about a plea offer from the prosecution, but that McDonald rejected it, because McDonald wanted an offer to plead to possession of methamphetamine. *Habeas* counsel argues that, while trial counsel had an obligation to inform McDonald of any plea offer, there is no general rule that the plea offer must be communicated to a criminal defendant in written form. Thus, *habeas* counsel argues that trial counsel performed his required function of communicating the plea offer to McDonald, so he did not perform deficiently. *Habeas* counsel also contends that the record does not show any prejudice from the failure to communicate a plea offer in writing.

The respondent agrees that trial counsel did not perform deficiently as to any plea offers, but for the different reason that the record shows that the prosecution did not *make* any plea offers. Thus, the respondent argues that this claim lacks any support in the record.

#### b.    *Analysis*

In *Missouri v. Frye*, 566 U.S. 134 (2012), the Supreme Court held "that, as a general rule, defense counsel has the duty to communicate formal offers from the

prosecution to accept a plea on terms and conditions that may be favorable to the accused." 566 U.S. at 145. Although the Court recognized that some states may require that plea offers be in writing, the Court did not impose such a requirement. *Id*. at 146. Where there either was no plea offer, so there was nothing for trial counsel to "communicate" to McDonald, or trial counsel did "communicate" a plea offer to McDonald orally so that McDonald could make the determination that it was not sufficiently beneficial to him to accept, trial counsel did not perform deficiently. *See Strickland*, 466 U.S. at 687 ("deficient performance" is the first prong of an ineffective assistance claim). Furthermore, McDonald has pointed to nothing demonstrating prejudice from the lack of a written copy of the plea agreement, if there was one, where he admits that he knew the terms of the purported plea offer and rejected it, because it was not lenient enough. There is no evidence whatsoever that McDonald would have been offered a plea offer as lenient as he wanted or that he would have accepted any plea offer. *Id.* ("prejudice" is the second prong of an ineffective assistance claim).

McDonald is not entitled to any relief on his second claim of ineffective assistance of counsel.

### 5. *Failure to discuss the career offender enhancement*
#### a. *Arguments of the parties*

McDonald's last claim that I will consider is his claim that trial counsel was ineffective in failing to discuss the career offender enhancement with him. *Habeas* counsel points out that the record is silent as to any discussions between McDonald and trial counsel about the career offender enhancement and that McDonald says he thought his sentence would be a maximum of twenty years. *Habeas* counsel states that McDonald claims he remembers trial counsel first discussing the career offender enhancement when they reviewed the PSIR, and only then did he know that, if the enhancement applied, his sentence would be between 360 months and life imprisonment. *Habeas* counsel asserts

that McDonald would have thought about the plea offer differently, if he had known how the career enhancement worked at the time the plea offer was made. Nevertheless, *habeas* counsel argues that McDonald cannot show prejudice, because his trial counsel could not control the decision made by the court to impose the enhancement, despite trial counsel's efforts to obtain a variance downward from 360 months to the statutory mandatory minimum of 240 months. In his *pro se* brief, McDonald adds that his prior convictions for conspiracy to commit drug offenses do not constitute controlled substance offenses for purposes of the career offender enhancement.

The respondent argues that trial counsel makes clear, in his affidavit, that he sufficiently and timely explained the career offender enhancement to McDonald. Indeed, the respondent points out that trial counsel avers that he did so, and informed McDonald that he could face a life sentence pursuant to § 851, months before McDonald's trial. Thus, the respondent argues that McDonald was well aware of the potential sentence that he faced. Consequently, the respondent argues that trial counsel did not perform deficiently.

### b. *Analysis*

McDonald's *pro se* argument that his prior conspiracy offenses were not qualifying offenses for the career offender enhancement is wrong as a matter of law. As the Eighth Circuit Court of Appeals has explained, it has "squarely rejected" that argument. *See United States v. Bailey*, 677 F.3d 816, 818 (8th Cir. 2012) (citing *United States v. Mendoza-Figueroa*, 65 F.3d 691, 692 (8th Cir. 1995) (en banc), *cert. denied*, 516 U.S. 1125 (1996), and U.S.S.G. § 4B1.2, comment. n.1). Application note 1 to U.S.S.G. § 4B1.1 states that U.S.S.G. § 4B1.2 defines terms used in U.S.S.G. § 4B1.1. Application note 1 in the commentary to U.S.S.G. § 4B1.2, in turn, expressly states, "'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." Thus, trial counsel

did not perform deficiently in failing to challenge application of the career offender guideline on the ground that one of McDonald's prior convictions identified in the PSIR was for conspiracy to distribute crack cocaine within 1000 feet of a school. PSIR, ¶ 30. Such a challenge would have been pointless, in any event, because McDonald's other prior conviction qualifying him as a career offender was not for a "conspiracy" offense, but a conviction for "possession with intent to distribute cocaine base." *Id*. at ¶ 31. Trial counsel did not perform deficiently in the way that McDonald asserts in his *pro se* brief, because the ground asserted by McDonald was frivolous. *See Strickland*, 466 U.S. at 687 ("deficient performance" is the first prong of an ineffective assistance claim); *see also Anderson*, 762 F.3d at 794 (holding counsel is not required to make a futile motion or objection).

The gravamen of this claim, as framed by *habeas* counsel, is that trial counsel failed to give McDonald sufficient and timely advice about the possibility of a career offender enhancement. In *United States v. Marcos-Quiroga*, 478 F. Supp. 2d 1114 (N.D. Iowa 2007), I concluded that a defendant's trial counsel had performed deficiently, where trial counsel certainly could have predicted the applicability of the career offender guideline, because counsel knew about the defendant's prior convictions, but trial counsel admitted that he failed to evaluate properly the defendant's career offender potential and improperly advised him that he could *not* be sentenced as a career offender without evaluating the effect of his prior offenses, which plainly qualified him for the enhancement. 478 F. Supp. 2d at 1138-39. I also concluded in that case that the defendant was prejudiced, because he had shown a reasonable probability that, but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial. *Id*. at 1142.

The circumstances, here, are distinguishable from those in *Marcos-Quiroga*. First, McDonald's trial counsel has averred that he did tell McDonald about the *possibility*

of a career offender enhancement months before trial, not that McDonald would *not* be subject to that enhancement. *See Thomas v. United States*, No. C 14-4010-MWB, 2016 WL 617453, at *11 (N.D. Iowa Feb. 16, 2016) (distinguishing *Marcos-Quiroga* on the basis that trial counsel had averred that he told the defendant he might be subject to a career offender enhancement, not that he would not be). McDonald has not attempted to rebut trial counsel's statement with any statement under oath, so there is no basis to find that McDonald's trial counsel performed deficiently. Rather, McDonald's contrary contentions are contradicted by the record evidence. *See id.* at *10; *see also Strickland*, 466 U.S. at 687 (requiring deficient performance as one prong of an ineffective assistance of counsel claim).

I also am not convinced that McDonald was prejudiced, even if his trial counsel did not specifically tell him about the career offender enhancement, because the purported lack of that information appears to have little or nothing to do with McDonald's decision to reject a purported plea offer and go to trial, as McDonald now baldly asserts. *See id.* at *11 (rejecting a defendant's claim of prejudice on this ground). Rather, McDonald elsewhere asserted that he rejected the purported plea agreement because he—quite unrealistically—wanted a plea offer to plead only to possession of methamphetamine. Again, there is no record evidence that any plea offer *at all* was ever made to McDonald, so that McDonald's assertion of prejudice is based on nothing but speculation. *See Strickland*, 466 U.S. at 687 (the petitioner must show both deficient performance and prejudice to prevail on an ineffective assistance of counsel claim).

Thus, McDonald is not entitled to any relief on his third claim of ineffective assistance of counsel.

## C.    Certificate Of Appealability

Denial of all of McDonald's claims for § 2255 relief properly before me raises the question of whether or not he is entitled to a certificate of appealability on those claims. In order to obtain a certificate of appealability on those claims, McDonald must make a substantial showing of the denial of a constitutional right. *See Miller–El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller–El v. Cockrell* that, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I conclude that McDonald has failed to make a substantial showing that any of his ineffective assistance of counsel claims that I have considered are debatable among reasonable jurists, that a court could resolve any of the issues raised in those claims differently, or that any question raised in those claims deserves further proceedings. Consequently, a certificate of appealability is denied as to all of McDonald's claims properly before me. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El*, 537 U.S. at 335-36; *Cox*, 133 F.3d at 569. Similarly, I conclude that McDonald has failed to make a substantial showing that my refusal to consider his additional claims, in either his *Pro Se* § 2255 Motion or his *pro se* brief is debatable among reasonable jurists, that a court could resolve

any of the issues raised in those claims differently, or that any question raised in those claims deserves further proceedings. *Id.*

### III.   CONCLUSION

Upon the foregoing,

1.      Joseph Tyler McDonald's October 17, 2017, Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 17), which amended and superseded his original October 11, 2016, *Pro Se* § 2255 Motion (docket no. 1), is **denied in its entirety**;

2.      This matter is **dismissed in its entirety**; and

3.      No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 12th day of February, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA